**UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL COLEGROVE and
BARBARA CAVENDISH, individually
and on behalf of a class of those similarly          Case No.
situated,

      Plaintiffs,

                                    Honorable

v.

ELMER'S PRODUCTS, INC., TOAGOSEI
AMERICA, INC. and ELMER'S &
TOAGOSEI, CO.,

      Defendants.

---

| | |
|---|---|
| Mark K. Wasvary (P51575) | Michael P. Cooney (P39405) |
| Carl G. Becker  (P10608) | Benjamin W. Jeffers (P57161) |
| Becker & Wasvary, P.L.L.C. | Jong-Ju Chang (P70584) |
| Attorneys for Plaintiffs | Dykema Gossett PLLC |
| 2401 W. Big Beaver Road, | Attorneys for Defendants |
| Suite 100 | 400 Renaissance Center |
| Troy, MI  48084 | Detroit, MI  48243 |
| (248) 649-5667 | (313) 568-6800 |
| markwasvary@hotmail.com | mcooney@dykema.com |
| | bjeffers@dykema.com |
| | jchang@dykema.com |

---

## NOTICE OF REMOVAL

Defendants Elmer's Products, Inc. ("Elmer's"), Toagosei America, Inc. ("Toagosei") and

Elmer's & Toagosei, Co. ("E&T") (collectively, "Defendants"), by their attorneys, Dykema

Gossett PLLC, give notice pursuant to 28 U.S.C. § 1441 *et seq* that this matter, currently pending

in Oakland County Circuit Court, is being removed to the United States District Court for the

Eastern District of Michigan.

All defendants agree with the Removal.  In support of this Notice, Defendants state as

follows:

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

1.      On March 1, 2013, Plaintiffs Michael Colegrove and Barbara Cavendish, individually and on behalf of a class of those similarly situated ("Plaintiffs") filed this purported class action regarding the packaging and performance characteristics of Instant Krazy Glue Craft Formula product (the "Product") in Oakland County Circuit Court against Defendants.

2.      On March 7, 2013, Defendants received a copy of the Summons and Complaint. *See* **Ex. A**, Summons and Complaint.

3.      This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because, as set forth more fully below, this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorney fees.

**I.      Removal Is Timely**

4.      This removal petition is timely under 28 U.S.C. § 1446(b).  Defendants file this Notice of Removal within thirty (30) days of receiving notice of the pleadings setting forth the claims for relief upon which this removal is based.

**II.      There Is Complete Diversity**

5.      Plaintiffs and Defendants are citizens of different states as, affirmatively admitted and alleged by Plaintiffs in the Complaint.

6.      <u>Plaintiffs</u>.  For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled.  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).  "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  Here, Plaintiffs admit that they "are individuals located and established in the County of Oakland, State of Michigan."  *See* **Ex. A**, Complaint ¶1.  Therefore,

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Plaintiffs are domiciled in the State of Michigan and are therefore citizens of the State of Michigan for diversity purposes.

7.    Defendant Elmer's.   Elmer's is a corporation.   For purposes of determining diversity jurisdiction, a corporation can be a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business.  28 USC 1332(c).  Elmer's is a corporation organized under the laws of the State of Delaware, and has its principal place of business in Ohio.  **Ex. A**, Complaint ¶2.  Accordingly, for diversity purposes, Elmer's is a citizen of Delaware and Ohio and is not a citizen of Michigan.

8.    Defendant Toagosei.  Toagosei is a corporation organized under the laws of the State of Ohio and has its principal place of business in Ohio.  **Ex. A**, Complaint ¶3. Accordingly, for diversity purposes, Toagosei is a citizen of Ohio and is not a citizen of Michigan.

9.    Defendant E&T.  E&T is a partnership; its partners are Elmer's and Toagosei. **Ex. A**, Complaint ¶5.  "Where a partnership is a party to litigation, diversity of citizenship depends upon the citizenship of each individual partner."  *Grant County Deposit Bank v. McCampbell,* 194 F.2d 469, 472 (6th Cir. 1952).  No partner is a resident of Michigan. Accordingly, for diversity purposes, E&T is a citizen of Delaware and Ohio and is not a citizen of Michigan.

10.    Hence, complete diversity exists.

**III.    The Amount In Controversy Exceeds $75,000**

11.    Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorneys' fees.

12.    Plaintiffs have four claims:  (a) violation of the Michigan Consumer Protection Act; (b) violation of the Shopping Reform and Modernization Act (M.C.L. 445.311 *et seq*); (c)

3

innocent/negligent misrepresentation; and (d) breach of warranty. They seek an unspecified amount of individual damages, but importantly for this Removal, they seek a mandatory injunction mandating that Defendants cause all Product to be removed at Defendants' cost from every retail establishment in the State of Michigan (the "Mandatory Injunction"). *See* **Ex. A**, Complaint.

13.     Although Defendants deny any liability to the Plaintiffs whatsoever, if those allegations are proven to be true and Plaintiffs obtain the relief they seek, the amount in controversy well exceeds the sum or value of $75,000, exclusive of interest, costs and attorney fees.

14.     In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by "the value of the object that is the subject matter of the action." *Lorimer ex rel. Estate of Lorimer v. Berrelez*, 331 F. Supp. 2d 585, 591 (E.D. Mich. 2004);   *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (holding "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). The object in this lawsuit is the right to sell the Product in Michigan, which is what the Mandatory Injunction seeks to prohibit. Accordingly, the value of that right can be measured by the costs of complying with the Mandatory Injunction. "The costs of complying with an injunction, whether sought by one plaintiff or many plaintiffs, may establish the amount in controversy." *Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 829 (6th Cir. 2006); *White v. Loomis Armored US, Inc.,* 729 F. Supp. 2d 897, 902 (E.D. Mich. 2010) (When a plaintiff seeks an injunction, the "value of the object in the litigation" is the ascertainable monetary value of injunctive relief.). Here, the cost of complying with the Mandatory Injunction exceeds $75,000.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

15.     The Mandatory Injunction, if ordered, would have two consequences.

16.     *First*, it necessarily would mean that Defendants no longer could sell the Product in the State of Michigan.  Elmer's sells to national retailers, who in turn dictate how many units are distributed to each state, including Michigan.  *See* **Ex. B**., Declaration ¶3.  And this would jeopardize the sale of Product not only in Michigan, but nationwide.  This is because, as explained in the attached Declaration, Elmer's uses a national distribution model with the same packaging throughout the Country.  *See* **Ex. B**., Declaration ¶5.  Therefore, in order to comply with an order halting the sales of the Product into Michigan, Elmer's would in the first instance have to cease all sales on a national level altogether.  At minimum, Elmer's would have to fundamentally alter its distribution model.  Elmer's sold approximately $480,000 worth of Product in 2012, with an average of over $500,000 in Product sales in the last four (4) years.  *See* **Ex. B**., Declaration ¶6.  Accordingly, compliance of the Mandatory Injunction just in this respect will result in loss of sales that will exceed $75,000.

17.     *Second*, to comply with the Mandatory Injunction, Defendants also would have to remove all Product from the shelves of retailers in Michigan.  Given the national distribution model above, this would be an enormous task in that Defendants would have to:  (a) investigate and identify all locations where Product exists but has yet been sold, (b) compensate the retailers to stop offering the products; (c) transport the remaining Product in Michigan from various retailers to Defendants' facilities, and (d) take other measures to ensure that retailers have stopped offering the Products in Michigan.  The costs of such en endeavor are not fully known at this time, but would be substantial and likely exceed $75,000.

5

**IV. All Other Requirements For Removal Are Met**

18.     A Notice of Filing of Notice of Removal and a copy of this Notice of Removal have been filed with the Oakland County Circuit Court as required by 28 U.S.C. § 1446(d) and copies of the same have been served upon Plaintiffs as verified by the attached proof of service.

19.     The Oakland County Circuit Court is located in the Eastern District of Michigan, Southern Division.

20.     Based upon the foregoing, Defendants are entitled to remove this action to this Court under 28 U.S.C. § 1441, *et seq*.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/ Jong- Ju Chang
    Michael P. Cooney (P39405)
    Benjamin W. Jeffers (P57161)
    Jong-Ju Chang (P70584)
    Dykema Gossett PLLC
    Attorneys for Defendants
    400 Renaissance Center
    Detroit, MI  48243
    (313) 568-6800
    mcooney@dykema.com
    bjeffers@dykema.com
    jchang@dykema.com

Date:  April 3, 2013

BH01\1792418.2
ID\JJL - 019956\0999

*(left margin, vertical text)* DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2013, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system and mailed the foregoing paper via US Mail to:

Mark K. Wasvary
Carl G. Becker
Becker & Wasvary, P.L.L.C.
2401 W. Big Beaver Road,
Suite 100
Troy, MI  48084

DYKEMA GOSSETT PLLC

By:  /s/ Jong- Ju Chang
     Michael P. Cooney (P39405)
     Benjamin W. Jeffers (P57161)
     Jong-Ju Chang (P70584)
     Dykema Gossett PLLC
     Attorneys for Defendants
     400 Renaissance Center
     Detroit, MI  48243
     (313) 568-6800
     mcooney@dykema.com
     bjeffers@dykema.com
Date:  April 3, 2013        jchang@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243