UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

MICHAEL COLEGROVE and BARBARA
CAVENDISH, individually and on behalf
of a class of those similarly situated,

    Plaintiffs,

v

ELMER'S PRODUCTS, INC., TOAGOSEI
AMERICA, INC. and ELMER'S & TOAGOSEI,
CO.,

    Defendants.
_____/

Case No.: 13-11526

Hon.: John Corbett O'Meara

BECKER & WASVARY, P.L.L.C.
By:   MARK K. WASVARY (P51575)
       CARL G. BECKER (P10608)
Attorneys for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667
markwasvary@hotmail.com
_____/

### FIRST AMENDED CLASS ACTION COMPLAINT
### AS OF RIGHT AND DEMAND FOR JURY TRIAL

NOW COMES, Plaintiffs, MICHAEL COLEGROVE and BARBARA CAVENDISH for themselves and others similarly situated by and through their attorneys, BECKER & WASVARY, P.L.L.C. and for this First Amended Class Action Complaint state as follows:

### COMMON ALLEGATIONS

1.    Plaintiffs are individuals located and established in the County of Oakland, State of Michigan.

2.    Defendant Elmers Products, Inc. is a Delaware corporation located and established in Westerville, Ohio (hereinafter "Elmer's").

3. Toagosei America, Inc. (hereinafter "Toagosei") is an Ohio Corporation located and established in Cincinnati, Ohio and is a subsidiary of Toagosei Co. Ltd., a foreign company.

4. Elmer's and Toagosei manufacture a product commonly referred to as "Instant Krazy Glue" a registered trademark, which amongst other things, has a formula known as "Craft" formula.

5. According to the product packaging, Instant Krazy Glue is distributed by Elmer's & Toagosei Co., an Ohio corporation located and established in Westerville, Ohio.

6. The said Krazy Glue product is marketed throughout the United States and with specificity is marketed in the State of Michigan by Defendants, by distributing same to businesses which then offer the specific product for sale at retail to consumers and therefore Defendants enter into contracts for the distribution of said Krazy Glue into the State of Michigan.

7. Both Plaintiffs are persons as those terms are defined under MCL 445.902 and MCL 445.312.

8. Krazy Glue, as provided by the Defendants, is offered to the public through trade and commerce for personal, family or household purposes as that term is defined in MCL 445.902.

9. Krazy Glue as offered by the Defendants is an article of tangible personal property used or consumed or bought for use or consumption primarily for personal, family or household purposes.

10. Krazy Glue is offered for sale into the State of Michigan and is sold at retail as defined in MCL 445.312.

11. Plaintiff, Michael Colegrove purchased Instant Krazy Glue Craft Formula from JoAnn Fabrics at Rochester, Michigan in January, 2013. Plaintiff, Barbara Cavendish purchased Instant Krazy Glue Craft formula from JoAnn Fabrics at 32065 John R Rd, Madison Heights, Michigan in October, 2012.

12. That both Plaintiffs purchased the Craft formula to work on projects they had in mind for their own personal use.

13. That the purchase of the Craft formula was made because on the front of the package of Krazy Glue Craft formula was advertised that, it specifically and in large letters stated that the product "Bonds: Wood, Metal, Ceramics, Pottery, Rubber, Vinyl, Leather, Plastic". See attached Exhibit A.

14. The item was displayed and advertised with the front showing the above information, and the only direction on the front of the packaging was for the consumer to go to the back of the packaging regarding eye irritation.

15. Plaintiff Colegrove upon taking the product home could not make wood bond through use of the product. Plaintiff Cavendish read the back of the package and under the package's advertised instructions did not use the product as the time, but tried it later only to confirm it did not bond wood.

16. Having taken the product home for use, they first noticed the back and under paragraph number 6, which only has a heading of Replace Cap, it states "Not for use on

wood, paper, leather, foam, rear view mirrors…" (See Exhibit B).

17. Based on formal admissions contained in Defendant's Answer to the original unamended Complaint, Defendants allege that Defendants changed the product's advertising packaging in October, 2010 and eliminated the contradictory representation that the product bonded wood and also leather, and was not to be used for bonding wood or leather.

18. Notwithstanding the change to the packaging, the packaging that pre-dated October, 2010 was not removed from the retailer's outlets.

19. Whether the product bonds wood and leather or does not bond wood and leather, one or the other contradictory representations made by Defendants is true and one is untrue. Such statements additionally cause consumer confusion and/or deception.

20. Sometime before October, 2010 Defendants knew that their packaging of the product made an untrue statement and was untrue advertising.

21. After having such knowledge, Defendants upon information and belief, failed to take the untrue advertising package off the market as evidenced by the fact that both putative Plaintiffs purchased the product in late 2012/early 2013 containing the contradictory untrue statements.

22. Because of the moderate price of the product and the cost of driving to and from JoAnn Fabrics there was no economic benefit to returning the product without incurring more additional expense as would be typical in any consumer transaction involving the product.

23. The amount in controversy cumulatively exceeds $25,000.00.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs incorporate paragraphs 1 through 23 as if more fully set forth herein.

25. Plaintiffs and Class members have suffered a similar harm due to the misrepresentations of Defendants.

26. <u>Class Definition</u>: All consumers who suffered loss or are entitled to statutory damages as a result of purchasing Instant Crazy Glue Craft formula to work on a consumer project that requires in whole or part the bonding of wood and/or leather, for a period dating back to the applicable statute of limitation.

27. <u>Numerosity</u>: The proposed Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is not now known, the Plaintiffs believe the Class number is in excess of 1,000 members and may be readily identified from Defendant's records covering the period provided for under the applicable Statute of Limitations.

28. <u>Commonality</u>: There are questions of law or fact common to the members of the Class that predominate over questions affecting only individual members.

29. The questions of law or fact common to the Class are the following:

A) Does any Statute or Law prohibit and preclude Defendants from the representations made on the package of Instant Crazy Glue Craft formula?

B) Is injunctive relief appropriate?

30. <u>Typicality</u>: The harm suffered by named Plaintiffs is typical of the harm

suffered by other Class members, differing only in amount. Accordingly, the claims of Plaintiffs are the same as those of the other Class members. Resolution of these common questions will determine the liability of the Defendants to the Class members in general. Thus, they properly form a basis for Class treatment in this case.

31. Although the amount of damages between individual Class members may vary, the underlying liability issues remain the same as between all members of the Class and the Defendants. The claims for most Class members are too small to warrant individual lawsuits. Upon information and belief the retail price of the product at issue is approximately $4.00.

32. <u>Adequacy of representation</u>: The represented parties will fairly and adequately assert and protect the interest of the Class. The named Plaintiffs have already demonstrated their willingness to pursue this litigation on their own behalf, and have no known conflicts with the Class members.

33. Plaintiffs' counsel will also fairly and adequately represent the interest of the Class. The attorneys for named Plaintiffs are well versed in the facts and the substantive law underlying the Plaintiffs' claims. Counsel for Plaintiffs have previously been certified as lead counsel in the United States District Court for Eastern District of Michigan for four class action matters, as well as in Wayne County Circuit Court. Carl Becker has previously been certified as lead counsel in the United States District Court for the Western District of Michigan.

34. The maintenance of this action as a Class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

A) A prosecution of separate actions by or against individual members of the Class could create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would confront the party opposing the Class with incompatible standards of conduct; and/or

B) Prosecution of separate actions by or against individual members of the Class would create a risk of adjudication with respect to individual members of the Class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

35. The parties opposing the Class have acted or refuse to act on grounds that apply generally to the Class, such that final equitable or declaratory relief will be appropriate with respect to the Class.

36. The action will be manageable as a Class action, and in fact, more manageable than prosecution of separate actions.

37. In view of the complexity of the issues and the expense of litigation the separate claims of individual Class members are insufficient in amount to support separate actions. Some of the individual claims could be as little as $3.99.

38. Plaintiffs are not aware of any members of the proposed Class that have filed similar litigation, nor are Plaintiffs aware of any pending similar litigation. The instant matter is superior to all other available methods of adjudication as the Statute of Limitations is tolled as to all persons within the Class described in the Complaint on the commencement of an action asserting a Class action. Reference is made to MCR 3.501(F). Accordingly,

by filing a Class action, Plaintiffs are protecting members of a Class who could continue to accrue damages and may lose the ability to recover those damages without tolling the Statute of Limitations.

## COUNT I
### Violation of the Michigan Consumer Protection Act

39.     Plaintiffs incorporate paragraphs 1 through 38 as if more fully set forth herein.

40.     Section 903 of the Michigan Consumer Protection Act (MCL 445.903) prohibits the following:

> (1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:
>
> (c) Representing that goods or services have…characteristics, ingredients, uses, benefits…quantities that they do not have…
>
> (e) Representing that goods or services are of a particular standard, quality, or grade…if they are of another.
>
> (x) Taking advantage of the consumer's inability reasonably to protect his or her interests by reason of…or inability to understand the language of an agreement presented by the other party to the transaction who knows or reasonably should know of the consumer's inability.
>
> (bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.
>
> (cc) Filing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

41.     That each of the putative Plaintiffs and members of the class has suffered loss as a result of violation of the Act equal to no less than the purchase price, plus taxes, plus the inconvenience cost of having to return the product because of the violations of the Act.

## COUNT II
### Violation of the Shopping Reform and Modernization Act (MCL 445.311, et. seq.)

42.     Plaintiffs incorporate paragraphs 1 through 41 as if more fully set forth herein.

43. That Defendants knowingly advertised on the front of their package that the product Krazy Glue Craft formula bonds to wood and leather.

44. That the Defendants knew that the product does not bond wood or leather and, in fact, admitted inconspicuously on the back of the advertised product that it lacked bondability to both wood and leather.

45. In the alternative, based on Defendant's Answer to Plaintiffs' Complaint, the Defendants up until October, 2010 claimed in the same package advertising the product that it bonded wood and leather and that it was not for use on wood or leather.

46. That one of the advertising statements is true and one is untrue.

47. In either event the advertising is also deceptive.

48. That as late as 2013 the product was still being marketed at retail locations in the untrue and deceptive advertising container, even through Defendants knew at a minimum sometime prior to October, 2010 that the package contradicted itself and had to be untrue, misleading and deceptive.

49. That the damages sustained by the individual Plaintiffs and those similarly situated are actual damages, or $250.00 for each day on which the violation of the Act is found to have occurred.

50. The Plaintiffs are entitled to reasonable attorney fees for each individual action of not more than $300, and attorney fees for this class action as well as an incentive fee.

### COUNT III
### Innocent/Negligent Misrepresentation

51. Plaintiffs incorporate paragraphs 1 through 50 as if more fully set forth herein.

52. That the Defendants made a specific and material misrepresentation of fact on the front of the package of the subject product by representing that the product bonds leather and wood, and made a representation on the back of the package it is not to be used with wood or leather.

53. Plaintiffs and those similarly situated relied on those written representations when purchasing the product pursuant to contract.

54. That Plaintiffs and those similarly situated purchased the said product by reason of the material misrepresentations.

55. That Plaintiffs and those similarly situated were damaged as a result of the purchase since the product did not comport with the material misrepresentations stated.

56. That the Defendants benefitted from the purchase by reason of its sale of the product to retailers, who then were expected to and did offer same to consumers.

## COUNT IV - BREACH OF WARRANTY

57. Plaintiffs incorporate paragraphs 1 through 56 as if more fully set forth herein.

58. Defendants are merchants or manufacturers as those terms are defined in the Uniform Commercial Code as enacted into law in the State of Michigan.

59. Defendants made an express warranty that the goods sold in this particular case were in each instance capable of bonding leather or wood.

60. The express warranty was used to induce a sale to Plaintiffs and those similarly situated and was in writing.

61. That the Instant Krazy Glue Craft formula did not and does not perform as

warranted on the front of the package of said product.

62.     That Defendants knew the product did not perform as warranted on the front of the package for the simple reason that in inconspicuous printing on the back of the product's package, not readily ascertainable to the Plaintiffs or those similarly situated, Defendants stated that the product does not bond leather or wood.

63.     Up until October of 2010, Defendants acknowledged the inability of the product to perform as represented on the front.

64.     That damages have been sustained by the Plaintiffs and those similarly situated justifying recovery together with costs and attorney fees.

## Damages and Other Relief

WHEREFORE, Plaintiffs individually and on behalf of a class of persons defined herein pray for the relief and judgment against the Defendants as follows:

A.      A finding that this action satisfies the prerequisites for maintenance of a class action and certifying the class defined herein under each and every theory submitted by Plaintiffs in this action;

B.      Designating Plaintiffs as representative of the class and their counsel as class counsel;

C.      Entering a judgment under the Michigan Consumer Protection Act for a mandatory injunction mandating that Defendants cause all Instant Krazy Glue Craft formula products which represent on the front of the product packaging that it bonds leather and wood be removed at Defendants cost from every retail establishment offering same in the

State of Michigan;

  D. Awarding Plaintiffs and class members individual damages and attorney fees and all costs including interest thereon;

  E. Award of an incentive fee to named Plaintiffs.

  F. Granting such other and different relief as may be just and equitable in the premises.

Respectfully submitted,

BECKER & WASVARY, P.L.L.C

By: /s/ Mark K. Wasvary
MARK K. WASVARY P51575
Attorneys for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667

Dated: April 23, 2013

## DEMAND FOR A JURY TRIAL

  NOW COMES, Plaintiffs, by and through their attorneys BECKER & WASVARY, P.L.L.C. and hereby demand a jury trial in the above cause.

Respectfully submitted,

BECKER & WASVARY, P.L.L.C

By: /s/ Mark K. Wasvary
MARK K. WASVARY P51575
Attorneys for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667

Dated: April 23, 2013

## CERTIFICATE OF SERVICE

I certify that on April 25, 2013, I electronically filed First Amended Class Action Complaint as of Right and Demand for Jury Trial. All parties and counsel of record will receive notice of this filing through the Court's electronic filing system and may access the filing through the Court's system.

/s/ Mark K. Wasvary
Mark K. Wasvary